UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN GAUSTAD,

    Plaintiff,

v.                                                      Case No. 05-C-187

MATTHEW FRANK, GARY R. MCCAUGHTRY,
MARC CLEMENTS, STEVEN SCHUELER,
GARY ANKARLO, SARA COLEMAN, and
LETITIA LEY,

    Defendants.

O R D E R

Plaintiff Nathan I. Gaustad, who is incarcerated at Waupun Correctional Institution (WCI), filed this *pro se* civil rights action under 42 U.S.C. § 1983. The plaintiff paid the full filing fee. He is proceeding on an Eighth Amendment claim based on the conditions of confinement in WCI's Health and Segregation Complex and an Eighth Amendment deliberate indifference to mental health claim. The plaintiff has filed a motion for reconsideration, motion to appoint counsel, motion for extension of time, and motion to compel discovery. All of these motions will be addressed herein.

Motion for Reconsideration

On May 24, 2005, the plaintiff filed a Motion for Reconsideration of May 13, 2005, Order. The plaintiff seeks reconsideration of the portion of the

screening order dismissing his due process claim, as well as the First Amendment claim as to the abridgement of his right to send and receive first class mail. He further requests that the court reinstate defendants Kyle Thompson, Jodi Tritt, William Holm, and John McDonnald, who were alleged to have been personally involved in the due process and First Amendment claims. The court dismissed those individuals because they were not alleged to have been personally involved in the claims upon which the plaintiff was allowed to proceed, his Eighth Amendment claims.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), *amended by*, 835 F.2d 710 (7th Cir. 1987). *Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

With respect to the dismissal of his due process claim, the plaintiff asserts:

> This Honorable Court dismissed the plaintiff's Due Process, Deprivation of Property claims because "the plaintiff does not identify, and the court has not found, a statute or regulation that would entitle him to personal property while confined in segregation." (May 13, 2005, Order at 13). The Complaint provides in pertinent part: "Plaintiff was . . . escorted out of his cell and stripped of all his property; per, 'paper restriction' plaintiff was deprived of all paper (including toilet paper) materials, pens, hygienic items and bedding, as well as clothing; which consisted of all plaintiff's property." The plaintiff was not only deprived of personal property, but was also deprived of state issued and state entitled property. (i.e., bedding, clothing, hygiene supplies).

(Pl.'s Mot. for Recons. at 1-2.) According to the plaintiff, he "had an entitlement to the property taken from him" and "the Wisconsin Administrative Code creates a liberty interest," citing *Staples v. Dep't of Health and Soc. Servs.*, 130 Wis.2d 308 (Ct. App. 1986) and *Staples v. Traut*, 675 F. Supp. 460, 467-68 (W.D. Wis. 1986), *overruled by*, *Staples v. Young*, 142 Wis.2d 348 (Ct. App. 1987).

In the complaint, the plaintiff alleges that he was placed on "paper restriction" and deprived of his property without due process of law, from June 7, 1994, until June 17, 1994. The plaintiff further alleges that on June 17, 1994, he was taken off paper restriction and his property was returned to him.

The Wisconsin Administrative Code provides in relevant part:

> (2) NECESSITIES. The institution shall provide the following for each inmate in program segregation or disciplinary separation, *but the items need not be kept in the cell, as determined by the warden based on safety and security concerns*:

> (a) Adequate clothing and bedding.
> (b) A toothbrush, toothpaste, soap, a towel, a face cloth and a small comb, unless the inmate is allowed to use personal hygiene supplies.
> (c) Writing materials and stamps.
> (d) Holy books.
> (e) Meals, which shall be nutritionally adequate.

Wis. Admin. Code § DOC 303.70(2) (italics added).[1] Neither case that the plaintiff cites to supports the proposition that Wis. Admin. Code § 303.70(2) creates a liberty interest, a property interest, or a constitutional entitlement to property while in segregation. The plaintiff is proceeding on an Eighth Amendment claim based on the conditions of his confinement while in segregation. He has not, however, alleged a due process claim based on the impermanent deprivation of personal and state-owned property.

With respect to the First Amendment claim, the plaintiff asserts:

> Further, the plaintiff raised First Amendment claims for denial of mail (Compl. at 13-14, 17). However, the Court did not address this claim in the ORDER of May 13, 2005. The plaintiff claims that, the defendants, by enacting the policy of "paper restriction" further violates the United States Constitution by enabling the defendants to refuse to allow the plaintiff to send and receive first class mail, without any rational, penological interest to do so. Thus, effectively violating the First Amendment right secured by the United States Constitution, to send and receive mail.

(Pl.'s Mot. for Recons. at 2-3.)

---

[1] The plaintiff's quotation of this provision in his motion omits the italicized phrase.

The complaint alleges that during the ten days while he was on paper restriction, the plaintiff "was relentlessly denied all mail." (Compl. at 12.) On June 17, 2004, the plaintiff's property was returned to him, "wherein the 'restriction notice,' the conduct report and eight (8) first class letters were in his property[.]" *Id.* at 13.

The screening order addressed the plaintiff's delay in receiving mail allegations as a potential denial of access to the courts claim, finding that the plaintiff did not state such a claim because he did not allege that he was prejudiced by the delay. (Order of May 13, 2005, at 13-14.) The plaintiff's allegations as a potential First Amendment claim were not addressed. However, "[a]llegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)); *see also Sizemore v. Williford*, 829 F.2d 608, 610-11 (7th Cir. 1987) ("we want to emphasize that merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment").

The plaintiff has not presented newly discovered evidence nor has he shown that the court's May 13, 2005, Order contained a manifest error of law. Therefore, the plaintiff's motion for reconsideration will be denied.

## Motion to Appoint Counsel

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see *Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such

- 6 -
Case 2:05-cv-00187-JPS    Filed 10/21/05    Page 6 of 16    Document 33

efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel is denied.

## Motion for Extension of Time

On September 15, 2005, the plaintiff filed a motion for extension of time to conduct discovery and submit summary judgment briefing, due to extensive discovery in this case as well as discovery disputes. He seeks an extension of 60 days, extending the discovery deadline until December 10, 2005, and the dispositive motion filing deadline until January 9, 2006. The defendants have not

filed any response indicating objection to the motion and, therefore, the court sees no reason to not grant the motion. Accordingly, the July 11, 2005, scheduling order is amended as follows: the deadline for the completion of discovery is December 10, 2005, and the deadline for filing dispositive motions is January 9, 2006.

## Motion to Compel Discovery

On September 22, 2005, the plaintiff filed a motion to compel discovery. He seeks disclosure of documents pursuant to his September 1, 2005, First Request for Production of Documents and answers to interrogatories pursuant to his September 10, 2005, First Set of Interrogatories. The defendants responded to both of the plaintiff's discovery requests. *See* Defs.' Resp. to Pl.'s Mot. to Compel Disc., Exs. 101 and 102. The plaintiff's motion to compel challenges the defendants' responses to Production of Document Numbers 2, 5, 9, and 10, and to First Set of Interrogatory Numbers 2, 3, 4, and 6 (defendant Frank), and Number 8 (defendant McCaughtry).

In general, parties may obtain discovery regarding any matter which is relevant. Fed. R. Civ. P. 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2).

1. Plaintiff's Request for Production of Documents

The plaintiff contends that the defendants unreasonably object to several of his valid document requests. He maintains that "these objections are without merit and fallacious, and their disclosure of documents were [sic] incomplete." (Pl.'s Mot. to Compel Disc. at 1.)

> Request 2: Produce any and all employment/performance evaluations of each defendant.
>
> Response 2: Counsel for defendants OBJECT to this request on the grounds that releasing this information could breach the security of Waupun Correctional Institution. Counsel for defendants further OBJECT to this request on the grounds it is oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

As noted above, the plaintiff is proceeding on Eighth Amendment conditions of confinement and deliberate indifference to mental health claims. The defendants contend that the employment/performance evaluations of each defendant have nothing to do with the conditions of the plaintiff's confinement. They further contend that such evaluations would provide no insight into whether the plaintiff's alleged medical condition was serious or into whether any of the defendants knew of an excessive risk to the plaintiff's health or safety and then disregarded that risk, which must be shown to establish the deliberate indifference to mental health claim. *See Estate of Novack v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). The court agrees that this document request is irrelevant to the

plaintiff's claims and, therefore, the plaintiff's motion to compel them will be denied.

>Request 5: Produce any and all records and reports concerning statistical data regarding the monthly and/or annual percentage of mentally ill prisoners housed in HSC since September 1998.
>
>Response 5: There are no documents that meet this description. However, the annual percentage of mentally ill prisoners housed in HSC is: 2004 – 52.5%; 2003 – 56.3%; 2002 – 50%; 2001 – 38%; 2000 – 28%; and 1999 – 38%. No records were kept before that time.

The defendants have provided the plaintiff with the information requested, albeit not in the form requested. The defendants maintain that no such documents exist. They assert that, "Dr. Ankarlo has compiled these percentages from different databases for his own use. However, there are no official records or reports relating to the percentage of mentally ill prisoners housed in HSC." (Defs.' Resp. to Pl.'s Mot. to Compel Disc. at 3.) Based on the foregoing, the plaintiff's motion to compel documents that do not exist will be denied.

>Request 9: Produce any and all maintenance reports or records regarding the wattage of lights used in the cells within HSC.
>
>Response 9: There are no documents that meet this description.

The plaintiff contends that "it is highly unlikely that there would be no documents (i.e., ordering invoice) which would reveal the light-bulbs which are used in the HSC cells." (Pl.'s Mot. to Compel Disc. at 2.) In response, the

- 10 -
Case 2:05-cv-00187-JPS    Filed 10/21/05    Page 10 of 16    Document 33

defendants maintain that no such documents exist. However, the defendants next describe the lighting within the HSC cells at WCI, including cell wattage. (Defs.' Resp. to Pl.'s Mot. to Compel Disc. at 3-4.) This response provides the plaintiff with the information he seeks and therefore his motion to compel as to Request 9 will be denied.

> Request 10: Produce any and all construction contracts and/or agreements entered into by and Wisconsin Corrections and/or public officials concerning the construction of the HSC building.
>
> Response 10: Counsel for defendants OBJECT to this request on the grounds that releasing this information could breach the security of Waupun Correctional Institution. Counsel for defendants further OBJECT to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

The court agrees with the defendants that providing the plaintiff with construction contracts and/or agreements could potentially breach security. Furthermore, the plaintiff has not indicated how this discovery might be relevant to his claims. The court finds that it is not relevant and thus the plaintiff's motion to compel the discovery will be denied.

2.  Plaintiff's First Set of Interrogatories

The plaintiff contends that the defendants "unreasonably object to a number of plaintiff's interrogatories." (Pl.'s Mot. to Compel Disc. at 3.)

> Interr. 2 (Defendant Frank): Identify and attach a copy of any and all correspondence defendant Frank and/or his designee's have received concerning conditions within Waupun Correctional

Institution's ("WCI's") Health & Segregation Complex ("HSC") building.

Response 2: Counsel for defendants OBJECTS to this request on the grounds that it is overly broad, unspecific and without reasonable limitation. Counsel for defendants further OBJECTS to this request on the grounds that this information is confidential as it may pertain to inmates other than the plaintiff. Objection notwithstanding, defendant Frank has received no correspondence concerning the conditions at the WCI HSU from defendant.

The defendants contend:

These objections are valid. The plaintiff never specified that this interrogatory was focused to correspondence regarding conditions of confinement. Further, even if the objections are unfounded, defendant Frank responded that he has not received any correspondence "concerning the conditions at the WCI HSU."

(Defs.' Resp. to Pl.'s Mot. to Compel at 5.) The court agrees with the defendants that the plaintiff's request is overly broad. Moreover, defendant Frank states that he has received no correspondence concerning conditions of confinement. Thus, the plaintiff's motion to compel as to this interrogatory will be denied.

Interr. 3 (Defendant Frank): State the names and titles of any and all administrative personnel designated with the power and authority of the Secretary of the WDOC.

Response 3: Counsel for defendants OBJECTS to this request on the grounds that it is vague, ambiguous and therefore requires speculation on the part of defendants as to plaintiff's meaning in order to respond. Counsel for defendants further OBJECTS to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

The defendants assert that "[a]lthough the objections remain valid, apparently the plaintiff is merely requesting the name of the Deputy Secretary of the Wisconsin DOC." (Defs.' Resp. to Pl.'s Mot. to Compel Disc. at 5.) Moreover, the defendants state that Richard Raemisch is the currently appointed Deputy Secretary. Thus, it appears that the plaintiff has received the requested information and, therefore, his motion to compel discovery as to this interrogatory will be denied.

> Interr. 4 (Defendant Frank): State the dates and times in which defendant Frank and/or his designee's have inspected WCI's HSC building.
>
> Response 4: Defendant Frank toured Waupun Correctional Institution, including the Health and Segregation Complex on February 14, 2003.
>
> Counsel for defendants OBJECTS to this request on the grounds that plaintiff's request for the dates and times that defendant Frank's designees have inspected WCI's HSC building is overly broad, unspecific and therefore requires speculation on the party of defendants as to plaintiff's meaning in order to respond.

The defendants assert that "[i]f the plaintiff is asking for the dates and times when Deputy Secretary Raemisch inspected the WCI's HSC building, the defendant, notwithstanding and without waiving any objections, will produce a supplemental response to Interrogatory # 4 pursuant to Fed. R. Civ. P. 26(e)(2) upon reasonable notice to defendant's counsel." (Defs.' Resp. to Pl.'s Mot. to

Compel Disc. at 6.) Based on the foregoing, the plaintiff's motion to compel discovery as to this interrogatory will be denied.

> Interr. 6 (Defendant Frank): State the names and titles of all administrative personnel designated with authority to investigate and answer inmate complaint appeals.
>
> Response 6: Counsel for defendants OBJECTS to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Objection notwithstanding, the staff designated to investigate or answer inmate complaint appeals are outlined in Wis. Admin. Code § DOC 310.
>
> The defendants assert:
>
> The plaintiff's interrogatory is irrelevant to either of his claims. The names and titles of all administrative personnel authorized to investigate and answer inmate complaint appeals are irrelevant to the plaintiff's claims. This interrogatory would provide no insight into whether the plaintiff's conditions of confinement deprived him of a basic human need; whether the plaintiffs's alleged medical condition was serious; or whether any of the defendants knew of an excessive risk to the plaintiff's health or safety and then disregarded that risk. The plaintiff's interrogatory is irrelevant to any of his claims and is not reasonable calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Further, notwithstanding said objection, defendant Frank responded to this interrogatory by stating that the staff designated to investigate or answer inmate complaint appeals are outlined in Wis. Admin. Code § DOC 310. It is unclear, what further response the plaintiff is seeking.

(Defs.' Resp. to Pl.'s Mot. to Compel Disc. at 7-8.) Based on the foregoing, the plaintiff's motion to compel discovery as to this interrogatory will be denied.

> Interr. 8 (Defendant McCaughtry): State what form of investigation, if any defendant McCaughtry and/or his designee's conducted in response to plaintiff's administrative complaints

> concerning the conditions of HSC, and housing mentally ill prisoners under such conditions.
>
> <u>Response 8</u>: Counsel for defendants OBJECTS to this request on the grounds that it is vague, ambiguous and therefore requires speculation on the part of the defendants as to plaintiff's meaning in order to respond. Objection notwithstanding, the inmate complaint process is outlined in Wisconsin Administrative Code 310.

According to the defendants,

> Counsel for the defendants objected to this interrogatory on the grounds that it is vague and ambiguous, requiring speculation in order to respond. (Exh. 102, pp. 5-6 ¶ 8). The plaintiff never specified what complaints he is referring to. Notwithstanding said objection, the defendants responded that the inmate complaint process (which includes the investigation of complaints) is outlined in Wis. Admin. Code § DOC 310. *Id.* It is unclear what further response the plaintiff is seeking.

(Defs.' Resp. to Pl.'s Mot. to Compel at 7.) The court finds that no further response to this interrogatory is necessary.

Overall, the court finds that the defendants have provided sufficient answers to the plaintiff's First Request for Production of Documents and First Set of Interrogatories. Accordingly, the plaintiff's motion to compel discovery will be denied.

Accordingly,

IT IS ORDERED that the plaintiff's motion for reconsideration (Docket #12) be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to appoint counsel (Docket #14) be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time (Docket #27) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the July 11, 2005, scheduling order is amended as follows: the deadline for the completion of discovery is December 10, 2005, and the deadline for filing dispositive motions is January 9, 2006.

IT IS FURTHER ORDERED that the plaintiff's motion to compel (Docket #30) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2005.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge